UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                    :
    UNITED STATES OF AMERICA,                       :
                                                    :     **MEMORANDUM DECISION AND**
            - against -                             :     **ORDER**
                                                    :
    ANTHONY CHRISTOPHER                             :     18-cr-671 (BMC)
    MENDONCA,                                       :
                                                    :
                            Defendant.              :
                                                    :
------------------------------------------------------------ X


**COGAN**, District Judge.

      Defendant Anthony Christopher Mendonca was convicted of possession of child pornography. Before the Court is defendant's motion for a judgment of acquittal, or in the alternative, a new trial. For the reasons stated below, defendant's motions are denied.

      An indictment returned on December 17, 2018 charged defendant with one count of possession of child pornography.[1] After jury selection on June 7, 2021, the government presented its case-in-chief over the course of two days of trial. At the close of the government's case, defendant made a Rule 29 motion, which the Court denied on the record. The defendant did not present a case and the Court submitted the case to the jury on the afternoon of June 9. That same day, the jury returned a verdict of guilty.

## I.    Motion for a Judgment of Acquittal

      Defendant moves for acquittal contending that the evidence submitted for trial was insufficient to establish beyond a reasonable doubt the elements of the offense charged against him. Under Rule 29(c), "[i]f the jury has returned a guilty verdict, the court may set aside the

---

[1] The Court granted the government's request to amend the indictment to correct a misnomer on May 19, 2021, and the amended indictment was filed on June 9, 2021.

verdict and enter an acquittal." Fed. R. Crim. P. 29(c). "When a defendant moves for a judgment of acquittal, the Court must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." United States v. Mariani, 725 F.2d 862, 865 (2d Cir. 1984). "A reasonable mind must be able to conclude guilt on each and every element of the charged offense." Id. "However, all reasonable inferences are to be resolved in favor of the prosecution and the trial court is required to view the evidence in the light most favorable to the Government with respect to each element of the offense." Id. (internal quotation marks omitted). "The evidence is to be viewed not in isolation but in conjunction." Id. (internal quotation marks omitted). Thus, a convicted defendant "bears a heavy burden" when challenging the sufficiency of the evidence. United States v. Martoma, 894 F.3d 64, 72 (2d Cir. 2017) (internal quotation marks omitted).

In order to prove that the defendant possessed child pornography under 18 U.S.C. § 2252(a)(4)(B), the government must prove that the defendant (1) knowingly possessed material containing one or more visual depictions; (2) that the visual depiction had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or that the visual depiction was produced using materials that had been transported in interstate or foreign commerce; (3) that the production of the visual depiction involved a minor engaging in sexually explicit conduct and portrayed such conduct; and (4) that the defendant knew that the production of the visual depiction involved a minor engaging in sexually explicit conduct and that the visual depiction portrayed such conduct.

Here, there was more than sufficient evidence from which a reasonable juror could find beyond a reasonable doubt that defendant knowingly possessed child pornography. First, there

was no dispute that the material contained on the hard drive recovered from defendant's home constituted child pornography. The government published a sample of those images and videos to the jury, and the jurors could reasonably conclude that the production of those materials involved a minor engaging in sexually explicit conduct. The government also presented testimony from agents who investigated the production of certain videos found on the hard drive and who testified that the minors depicted in those videos were real children.

Second, the jury could reasonably conclude that the interstate commerce nexus was met. The parties stipulated that the hard drive on which the child pornography was stored was made outside New York State, and that stipulation satisfies this element under Second Circuit precedent. See United States v. Boles, 914 F.3d 95, 107 (2d Cir. 2019) ("[T]here is sufficient evidence to support conviction for possession of child pornography where a defendant possessed images of child pornography on computer equipment manufactured outside this country.").[2]

Third, a juror could reasonably conclude that defendant knowingly possessed child pornography. The jury was entitled to credit the defendant's voluntary confession that he downloaded and viewed videos and images of child pornography; he downloaded such material for approximately two years; he believed the victims in those images were mostly girls between six to ten years old; and he knew that the videos involved "something bad" done to the children. The jury heard sufficient evidence to discredit defendant's theory that his inculpatory statements

_____

[2] Even if the stipulation were not sufficient, the government presented evidence from which a reasonable juror could conclude that the depictions were transmitted by means of the internet and traveled in interstate or foreign commerce. This evidence included defendant's admission to downloading child pornography files from other individuals through an online website called Newshosting. See, e.g., United States v. Skvarla, 673 F. App'x 111, 113 (2d Cir. 2016) (downloading child pornography from internet sufficient to establish jurisdictional requirement). The government also presented evidence that the child pornography videos found on the hard drive had traveled between state lines: two Special Agents testified that certain videos recovered from the hard drive and published to the jury were recorded outside of New York State and uploaded onto the internet for distribution and downloading, and another Agent testified that those videos were found on the hard drive at defendant's house in Brooklyn, New York. See United States v. Lynn, 636 F.3d 1127, 1133-36 (9th Cir. 2011) (production of child pornography in another state suffices for a juror to find the interstate commerce element met).

were coerced, including that defendant was read his <u>Miranda</u> rights and waived them; was not physically restrained; was offered food and water at multiple times; and permitted officers to assume his online identity and account with Newshosting. The jury saw evidence of one detective's confrontational approach to the interview – raising his voice, swearing at defendant, and questioning whether defendant had committed rape – as well as defendant's calm responses to that detective, and was entitled to conclude that defendant's statements were not coerced and credit the assertions he made.

The government also presented evidence that files matching the names of child pornography depictions on the hard drive had been recently opened up on defendant's computer in the days leading up to the search of his home. With this evidence, the jury could reasonably infer that defendant possessed the hard drive and had knowledge of its contents and discredit the competing theory that the hard drive belonged to another person and defendant had no knowledge of what it contained. Further, the jury viewed a representative sample of depictions and could conclude that any reasonable person who viewed the images would know that the depictions constituted child pornography.

Because the government presented sufficient evidence from which the jury could find defendant's guilt as to each element, defendant's motion for a judgment of acquittal is denied.

## II.    Motion for a New Trial

Federal Rule of Criminal Procedure 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Unlike the strict confines within which a court must examine a defendant's Rule 29 motion for a judgment of acquittal, a court has "broad discretion in ruling on a new trial motion." <u>United States v. Canova</u>, 412 F.3d 331, 348 (2d Cir. 2005) (internal quotation marks omitted). "In

4

considering whether to grant a new trial, a district court may itself weigh the evidence and the credibility of witnesses, but in doing so, it must be careful not to usurp the role of the jury." Id. at 348-49. "The ultimate test is whether letting a guilty verdict stand would be a manifest injustice . . . . There must be a real concern that an innocent person may have been convicted." Id. at 349 (internal quotation marks omitted). "The trial court must be satisfied that competent, satisfactory and sufficient evidence in the record supports the jury verdict." United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (internal quotation marks omitted).

For substantially the same reasons as described above, a new trial is not warranted. Defendant's inculpatory statements were corroborated by computer forensic evidence, and this direct and circumstantial evidence was sufficient to prove that defendant knowingly possessed child pornography. Sufficient evidence was also presented to satisfy the interstate commerce element. The government thus presented competent, credible, and sufficient evidence supporting defendant's guilt beyond a reasonable doubt.

Defendant's motion for a new trial is denied.

**SO ORDERED.**

Digitally signed by
Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       July 9, 2021